[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Arkyndu J. Brown, guilty of retaining stolen property and sentenced him to serve seventeen months in prison. Appellant sets forth the following assignments of error:
"First Assignment of Error
 "Defendant-Appellant's Conviction is Supported by Insufficient Evidence and is Therefore a Denial of Due Process.
"Second Assignment of Error
 "Defendant-Appellant's Conviction is Against the Manifest Weight of the Evidence."
The following facts are relevant to this appeal. On September 6, 1996, appellant was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1) with a firearm specification and one count of retaining stolen property, a motor vehicle, in violation of R.C. 2913.51.[1] A jury trial was held on November 18, 1996. The victim, Billy James, testified that on the evening of July 28, 1996, appellant paid James $5 to drive appellant and a male friend to a specific location. When the vehicle arrived at the destination, appellant exited the vehicle and walked down the street. After appellant exited the vehicle, his friend pulled out a gun and demanded the return of the money and the vehicle. James relinquished the money and the vehicle and watched appellant's friend drive the vehicle away, stopping to pick up appellant approximately half a block or less away. James testified that he yelled down the street to appellant that he was going to call the police. James reported the robbery to the police.
After the state rested, appellant moved for directed verdicts on both counts; the trial court granted a directed verdict as to the aggravated robbery count. Appellant then rested. The jury found appellant guilty on the remaining count. Appellant was sentenced at a hearing on January 17, 1997. This appeal was timely filed.
In his first assignment of error, appellant contends that there was insufficient evidence to support his conviction. This court finds no merit in this assignment of error.
The Ohio Supreme Court set forth the standard for this court's review of this assignment of error in State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)
Appellant contends that there was insufficient evidence for him to be found guilty of complicity to receive stolen property, citing State v. Sims (1983), 10 Ohio App.3d 56. That case, however, is distinguishable from the case sub judice. InSims, the defendant was arrested while a passenger in a stolen vehicle and ultimately convicted of receiving stolen property. The appellate court found "the only evidence * * * indicated that [the defendant] was `associated' with [the person committing the offense] in that he was a passenger in the car * * * for about thirty seconds * * *." Id. at 59. The testimony was that the Sims
defendant did not know the car was stolen and that he had just paid someone for a ride home. Id. at 57.
In the case sub judice, appellant arranged the ride in the vehicle that was later stolen. He exited the vehicle, leaving his friend in the vehicle and, seconds later, when his friend was driving the same vehicle, got back into the vehicle. The victim testified that he yelled to appellant that the victim was going to call the police.
This court has carefully reviewed the record. Viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of retaining stolen property proven beyond a reasonable doubt.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that his conviction was against the manifest weight of the evidence. This court finds no merit in this assignment of error.
In State v. Thompkins (1997), 78 Ohio St.3d 380, 386, the Ohio Supreme Court stated that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." The court also noted:
 "[S]ufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law."
In contrast to sufficiency, the court stated the following in regard to weight of the evidence:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Citation omitted.)
The Ohio Supreme Court also noted that when an appellate court reverses a verdict as against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 387.
This court has reviewed the entire record in this case and cannot say that the jury lost its way and created a manifest miscarriage of justice. Appellant's conviction was not against the manifest weight of the evidence.
Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _________________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] R.C. 2913.51 provides:
 "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
 "(B) * * * If the property involved is a motor vehicle, * * * [receiving] stolen property is a felony of the fourth degree. * * *"